E-FILED
Friday, 28 June, 2019  12:37:46 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| MARY KATHERINE GURNSEY,      ) | |
| ) | |
|        Plaintiff,       ) | |
| ) | Case No. |
|    v.                    ) | |
| ) | |
| PHOENIX CONTROLS CORPORATION, ) | |
| (now known as Honeywell International,  ) | |
| Inc.), a corporation, and HONEYWELL   ) | |
| INTERNATIONAL, INC. (successor in     ) | |
| interest to Phoenix Controls Corporation), ) | |
| a corporation,                      ) | |
| ) | |
|        Defendants.    ) | |

## HONEYWELL INTERNATIONAL, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant HONEYWELL INTERNATIONAL, INC. ("Honeywell"), successor in interest to Phoenix Controls Corporation ("Phoenix") by its undersigned attorneys, hereby removes this action from the Seventh Judicial Circuit, Sangamon County, Illinois, to the United States District Court for the Central District of Illinois, Springfield Division. In support of this Notice of Removal, Honeywell states as follows:

1.     On May 13, 2019, Plaintiff filed a Complaint against Honeywell and Phoenix in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, Case No. 19-L-89.

2.     Honeywell merged with Phoenix in 2009. As Phoenix Controls Corporation no longer exists, that entity should be dismissed from the case. To the extent the complaint alleges any claims against Honeywell prior to 2009, Honeywell will be representing the interests of Phoenix as a merged entity with Honeywell.

3.     Plaintiff served Honeywell with the Complaint on May 30, 2019, a true and accurate copy of which is submitted herewith as **Exhibit A**.

3.      The territory assigned to the United States District Court for the Central District of Illinois, Eastern Division under 28 U.S.C. § 93(b) embraces Sangamon County.

4.      This Notice of Removal is timely because it is filed within thirty days after the receipt of the summons and complaint. See 28 U.S.C. § 1446(b).

5.      According to the complaint, Plaintiff MARY KATHERINE GURNSEY, is a resident of the City of Petersburg and the State of Illinois.

6.      HONEYWELL (formerly Phoenix Controls Corporation) is and at all relevant times has been a Massachusetts corporation with its principal place of business currently in New Jersey and therefore is not a citizen of the State of Illinois. See Affidavit Susan Giniger of HONEYWELL attached as **Exhibit B**.

7.      HONEYWELL respectfully requests an opportunity to respond more fully in writing to any motion for remand in this case, but offers the below statements and citations to authority at this time in satisfaction of its obligation under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its removal. *Betzner v. Boeing Company*, 910 F.3d at 1014.

8.      Plaintiff's complaint alleges one count of product liability damages in excess of $50,000 and one count of negligence damages in excess of $50,000.

9.      Since Plaintiff and Defendant are citizens of different states and the amount in controversy is greater than $75,000, this Court has original (diversity) jurisdiction over this case pursuant to 28 U.S.C. § 1332.

10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for the Seventh Judicial Circuit, Sangamon County, and will be served contemporaneously on all counsel of record.

WHEREFORE, defendant, HONEYWELL INTERNATIONAL, INC., removes this action from The Seventh Judicial Circuit, Sangamon County, Illinois, to the United States District Court for the Central District of Illinois, Springfield Division.

Dated: June 28, 2019

Respectfully Submitted,

**SWANSON, MARTIN & BELL, LLP**

*Attorney for Defendant*
*Honeywell International, Inc*

David E. Kawala (#6191156)
Ronald L. Wisniewski (#6220577)
Nicole E. O'Toole (#6330227)
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave, Suite 3300
Chicago, Illinois 60611
Tel.:  (312) 321-9100
Fax:  (312) 321-0990
dkawala@smbtrials.com
rwisniewski@smbtrials.com
notoole@smbtrials.com

TO:   Ronald S. Motil
      Megan E. Kolosieke
      GORI JULIAN & ASSOCIATES, P.C.
      156 North Main Street
      Edwardsville, IL 62025

# Exhibit

# A



## CSC

# Notice of Service of Process

HZC / ALL<br>
<strong>Transmittal Number: 19885021</strong><br>
<strong>Date Processed: 06/01/2019</strong>

Primary Contact:   Ms. Susan Giniger
Honeywell International Inc.
115 Tabor Road

Morris Plains, NJ 07950

| | |
|---|---|
| **Entity:** | Honeywell International Inc.<br>Entity ID Number 2034040 |
| **Entity Served:** | Honeywell International Inc., (successor in interest to Phoenix Controls Corporation) |
| **Title of Action:** | Mary Katherine Gurnsey vs. Phoenix Controls Corporation, (now known as Honeywell International, Inc.) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Sangamon County Circuit Court, IL |
| **Case/Reference No:** | 2019-L-000089 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 05/30/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ronald S. Motil<br>618-659-9833 ext 4474 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



EXHIBIT

A

IN THE CIRCUIT COURT
SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

| | | |
|---|---|---|
| MARY KATHERINE GURNSEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 2019-L-000089 |
| | ) | |
| PHOENIX CONTROLS CORPORATION, | ) | |
| (now known as Honeywell International, | ) | |
| Inc.), a corporation, and HONEYWELL | ) | |
| INTERNATIONAL, INC. (successor in interest to | ) | |
| Phoenix Controls Corporation), a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### SUMMONS

**DEFENDANT:**     Phoenix Controls Corporation,(now known as Honeywell International, Inc.),
A corporation, and Honeywell International Inc., (successor in interest to
Phoenix Controls Corporation) a corporation
Corporation Service Company
84 State Company
Boston, MA 02109

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned and so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS: PAUL PALAZZOLO the Clerk of the Circuit Court and the seal thereof, at Springfield, Illinois, this _____ day of 5/22/2019 , 2019.

(Seal)

(SEAL)

PAUL PALAZZOLO, CLERK OF THE CIRCUIT COURT

BY

Deputy Clerk          5/30/19

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

Page 1 of 2

JOHN J. HOPKINS
GORI JULIAN & ASSOCIATES
500 E. 6TH STREET, P.O. BOX 595
ALTON, IL 62002

Date of Service: _____, 2019.
(To be inserted by officer on the copy left with the defendant or other person)


19-L-89

STATE OF ILLINOIS        )
                         ) ss.
COUNTY OF SANGAMON )


    I, _____, Special Process Server, have duly served the within Summons

on the Defendant, **PHOENIX CONTROLS CORPORATION**, by leaving a copy thereof with said Defendant

personally, on the _____ day of _____, 2019.


    DATED this _____ day of _____, 2019.



_____
SPECIAL PROCESS SERVER

EFILED
5/13/2019 4:42 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, Il
2019L 000089

IN THE CIRCUIT COURT
SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

| | |
|---|---|
| MARY KATHERINE GURNSEY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Case No. 19-L-89 |
| | ) |
| vs. | ) PLAINTIFF DEMANDS TRIAL BY JURY |
| | ) |
| PHOENIX CONTROLS CORPORATION, | ) |
| (now known as Honeywell International, | ) |
| Inc.), a corporation, and HONEYWELL | ) |
| INTERNATIONAL, INC. (successor in | ) |
| interest to Phoenix Controls Corporation), a | ) |
| corporation. | ) |
| | ) |
| Defendants. | ) |

**AMENDED COMPLAINT**

**Count I**
**(Product Liability)**

COMES NOW the Plaintiff, Mary Katherine Gurnsey, by and through her attorneys, Gori Julian &

Associates PC, and for her cause of action against the Defendant, Phoenix Controls Corporation (now

known as Honeywell International, Inc.), states as follows:

1) That at all times mentioned herein, the Plaintiff was and still is a resident of the City of

Petersburg and the State of Illinois.

2) That at all times mentioned herein, the Defendant, Phoenix Controls Corporation (now known

as Honeywell International, Inc.), was and still is a Corporation organized and existing under

the laws of the State of Massachusetts.

3) That at all times mentioned herein, the Defendant, Phoenix Controls Corporation (now known

as Honeywell International, Inc.), was engaged in the design, manufacturing, and distribution of a

certain factory product, to-wit; air flow valve Cat. No. BEVD110M-ABNHO-PSL Tag: HD-7.

1

4)   That prior to July 6, 2017, the air flow valve referred to above was designed and manufactured by the Defendant and was sold and distributed to Plaintiff's work site, the SIU School of Medicine located in Springfield, Illinois, for installation in a chemical testing room for use by Plaintiff's employer, the Illinois EPA.

5)   That on or about July 6, 2017, the Plaintiff was an employee of the Illinois EPA as a chemist and was performing her duties of conducting chemical tests with sulfuric acid, potassium sulfate, and cupric sulfate over period of several hours inside a chemical hood to which Defendant's product was attached to prevent the buildup of dangerous chemical fumes.

6)   That at some time between 7 AM when Plaintiff began work and 11:30 AM when she left the room due to coughing, irritated eyes, tightness in her chest, and loss of her voice, chemical fumes from the chemical experiments began building up in the room in which Plaintiff was working due to a malfunction of Defendant's product that failed to take the chemical fumes out of the room.

7)   That at all times herein set forth, Defendant's product was being employed and used in the manner and for the purpose for which it was intended.

8)   That at the time Plaintiff was exposed to chemical fumes, Defendant's product had been operating at the SIU School of Medicine facility for approximately five months and was so corroded that the air could not pass through it to dispose of the chemical fumes in the room.

9)   That the failure of Defendant's product on July 6, 2017, was not the first failure of an air flow valve manufactured by Defendant within less than a year from valve installation. SIU School of Medicine had ordered a new air flow valve from Defendant several times over a year long period, when the air flow valves should have maintained working order for a longer time period.

10)   That the product of the Defendant mentioned above was in an unreasonably dangerous condition when it left the Defendant's control in one or more of the following respects:

2

(A)  The product was improperly manufactured in that it was able to corrode to the point of malfunction within a few months of installation.

(B) The product was improperly assembled in that the warning rod was able to come apart from the valve and prevent the warning system from activating and giving a warning that the Defendant's product had malfunctioned.

(C) The product was defectively designed in that the product was able to corrode to the point of malfunction within a few months of installation and the warning rod was able to come apart from the valve and prevent the warning system from activating and giving a warning that the Defendant's product had malfunctioned.

(D) The product failed to provide any or adequate warning to persons working with and around the product of the danger of the product corroding and failing to expel chemical fumes from the room.

(E) The product failed to contain any or adequate instructions concerning the safe methods of working with and around the product, including specific instructions as to prevent the product from corroding and failing to expel chemical fumes from the room.

11)  That as a direct and proximate result of the buildup of chemical fumes caused by the failure of Defendant's product to expel the fumes from the room in which the Plaintiff was working, the Plaintiff then and there sustained severe and permanent injuries to her lungs; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be hindered from attending to her regular duties and affairs; that she has thereby lost and will in the future thereby lose large sums of money which otherwise would have accrued to her by employment and otherwise; and that she was compelled to and will be compelled to expend and become liable for large sums of money for hospital and medical services and attention in and about endeavoring to

3

become healed and cured of her injuries, all to the damage of the plaintiff in excess of Fifty Thousand

Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

WHEREFORE, Plaintiff, Mary Katherine Gurnsey, prays for judgment against the Defendant,

Phoenix Controls Corporation (now known as Honeywell International, Inc.), in a sum in excess of

Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

## Count II
### (Negligence)

COMES NOW the Plaintiff, Mary Katherine Gurnsey, by and through her attorneys, Gori Julian &

Associates PC, and for her cause of action against the Defendant, Phoenix Controls Corporation (now

known as Honeywell International, Inc.), states as follows:

1)-9)  Plaintiff adopts and incorporates by this reference each and every allegation contained in

paragraphs 1 through 9 of Count I, above, as if fully set forth herein.

10)  That at all times herein relevant, the above-named Defendant had a duty to exercise

reasonable care and caution for the safety of the Plaintiff and others working with and around the

product of the Defendant.

11)  That however, in disregard of the aforesaid duty, the Defendant failed to exercise ordinary

care and caution for the safety of the Plaintiff in one or more of the following respects:

(A) The product was negligently manufactured in that it was allowed to corrode to the point of

malfunction within a few months of installation.

(B) The product was negligently assembled in that the warning rod was able to come apart

from the valve and prevent the warning system from activating and giving a warning that the

Defendant's product had malfunctioned.

(C) Failed to properly design the product to withstand corrosion to prevent failure of the

4

product and to properly design the failure warning system to prevent the warning rod from coming

apart from the product.

(D) Failed to provide any or adequate warning to persons working with and around the

product of the danger of the product's failure after only a few months of installation causing the

buildup of chemical fumes.

(E) Failed to provide any or adequate instructions concerning the safe methods of working

with and around the product, including specific instructions as to preventing corrosion and failure of

the product.

(F) Negligently designing the product by allowing corrosion to cause product failure within

months of installation and failing to firmly secure the warning rod to the Defendant's product.

12) That as a direct and proximate result of one or more of the foregoing acts or omissions on the

part of the Defendant, the Plaintiff then and there sustained severe and permanent injuries to her

lungs; that she has suffered and will continue to suffer great pain and mental anguish; by reason of

said injuries, she was and will be hindered from attending to her regular duties and affairs; that she

has thereby lost and will in the future thereby lose large sums of money which otherwise would have

accrued to her by employment and otherwise; and that she was compelled to and will be compelled to

expend and become liable for large sums of money for hospital and medical services and attention in

and about endeavoring to become healed and cured of her injuries, all to the damage of the plaintiff in

excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff, Mary Katherine Gurnsey, prays for judgment against the Defendant,

Phoenix Controls Corporation (now known as Honeywell International, Inc.), in a sum in excess of

Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

## Count III
### (Product Liability)

COMES NOW the Plaintiff, Mary Katherine Gurnsey, by and through her attorneys, Gori Julian

& Associates PC, and for her cause of action against the Defendant, Honeywell International,

Inc. (successor in interest to Phoenix Controls Corporation), states as follows:

1)  That at all times mentioned herein, the Plaintiff was and still is a resident of the City of

Petersburg and the State of Illinois.

2)  That at all times mentioned herein, the Defendant, Honeywell International, Inc. (successor in

interest to Phoenix Controls Corporation), was and still is a Corporation organized and existing under

the laws of the State of Massachusetts.

3)  That at all times mentioned herein, the Defendant, Honeywell International, Inc. (successor in

interest to Phoenix Controls Corporation), was engaged in the design, manufacturing, and distribution

of a certain factory product, to-wit; air flow valve Cat. No. BEVD110M-ABNHO-PSL Tag: HD-7.

4)  That prior to July 6, 2017, the air flow valve referred to above was designed and

manufactured by the Defendant and was sold and distributed to Plaintiff's work site, the SIU School

of Medicine located in Springfield, Illinois, for installation in a chemical testing room for use by

Plaintiff's employer, the Illinois EPA.

5)  That on or about July 6, 2017, the Plaintiff was an employee of the Illinois EPA as a chemist

and was performing her duties of conducting chemical tests with sulfuric acid, potassium sulfate, and

cupric sulfate over period of several hours inside a chemical hood to which Defendant's product was

attached to prevent the buildup of dangerous chemical fumes.

6)  That at some time between 7 AM when Plaintiff began work and 11:30 AM when she left the

6

room due to coughing, irritated eyes, tightness in her chest, and loss of her voice, chemical fumes from the chemical experiments began building up in the room in which Plaintiff was working due to a malfunction of Defendant's product that failed to take the chemical fumes out of the room.

7)  That at all times herein set forth, Defendant's product was being employed and used in the manner and for the purpose for which it was intended.

8)  That at the time Plaintiff was exposed to chemical fumes, Defendant's product had been operating at the SIU School of Medicine facility for approximately five months and was so corroded that the air could not pass through it to dispose of the chemical fumes in the room.

9)  That the failure of Defendant's product on July 6, 2017, was not the first failure of an air flow valve manufactured by Defendant within less than a year from valve installation. SIU School of Medicine had ordered a new air flow valve from Defendant several times over a year long period, when the air flow valves should have maintained working order for a longer time period.

10)  That the product of the Defendant mentioned above was in an unreasonably dangerous condition when it left the Defendant's control in one or more of the following respects:

(A) The product was improperly manufactured in that it was able to corrode to the point of malfunction within a few months of installation.

(B) The product was improperly assembled in that the warning rod was able to come apart from the valve and prevent the warning system from activating and giving a warning that the Defendant's product had malfunctioned.

(C) The product was defectively designed in that the product was able to corrode to the point of malfunction within a few months of installation and the warning rod was able to come apart from the valve and prevent the warning system from activating and giving a warning that the Defendant's product had malfunctioned.

7

(D) The product failed to provide any or adequate warning to persons working with and around the product of the danger of the product corroding and failing to expel chemical fumes from the room.

(E) The product failed to contain any or adequate instructions concerning the safe methods of working with and around the product, including specific instructions as to prevent the product from corroding and failing to expel chemical fumes from the room.

11) That as a direct and proximate result of the buildup of chemical fumes caused by the failure of Defendant's product to expel the fumes from the room in which the Plaintiff was working, the Plaintiff then and there sustained severe and permanent injuries to her lungs; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be hindered from attending to her regular duties and affairs; that she has thereby lost and will in the future thereby lose large sums of money which otherwise would have accrued to her by employment and otherwise; and that she was compelled to and will be compelled to expend and become liable for large sums of money for hospital and medical services and attention in and about endeavoring to become healed and cured of her injuries, all to the damage of the plaintiff in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

WHEREFORE, Plaintiff, Mary Katherine Gurnsey, prays for judgment against the Defendant, Honeywell International, Inc. (successor in interest to Phoenix Controls Corporation), in a sum in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

8

## Count IV
### (Negligence)

COMES NOW the Plaintiff, Mary Katherine Gurnsey, by and through her attorneys, Gori Julian

& Associates PC, and for her cause of action against the Defendant, Honeywell International,

Inc. (successor in interest to Phoenix Controls Corporation), states as follows:

1)-9)  Plaintiff adopts and incorporates by this reference each and every allegation contained in

paragraphs 1 through 9 of Count III, above, as if fully set forth herein.

10)  That at all times herein relevant, the above-named Defendant had a duty to exercise

reasonable care and caution for the safety of the Plaintiff and others working with and around the

product of the Defendant.

11)  That however, in disregard of the aforesaid duty, the Defendant failed to exercise ordinary

care and caution for the safety of the Plaintiff in one or more of the following respects:

(A) The product was negligently manufactured in that it was allowed to corrode to the point of

malfunction within a few months of installation.

(B) The product was negligently assembled in that the warning rod was able to come apart

from the valve and prevent the warning system from activating and giving a warning that the

Defendant's product had malfunctioned.

(C) Failed to properly design the product to withstand corrosion to prevent failure of the

product and to properly design the failure warning system to prevent the warning rod from coming

apart from the product.

(D) Failed to provide any or adequate warning to persons working with and around the

product of the danger of the product's failure after only a few months of installation causing the

buildup of chemical fumes.

(E) Failed to provide any or adequate instructions concerning the safe methods of working

9

with and around the product, including specific instructions as to preventing corrosion and failure of the product.

(F) Negligently designing the product by allowing corrosion to cause product failure within months of installation and failing to firmly secure the warning rod to the Defendant's product.

12)  That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant, the Plaintiff then and there sustained severe and permanent injuries to her lungs; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be hindered from attending to her regular duties and affairs; that she has thereby lost and will in the future thereby lose large sums of money which otherwise would have accrued to her by employment and otherwise; and that she was compelled to and will be compelled to expend and become liable for large sums of money for hospital and medical services and attention in and about endeavoring to become healed and cured of her injuries, all to the damage of the plaintiff in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff, Mary Katherine Gurnsey, prays for judgment against the Defendant, Honeywell International, Inc. (successor in interest to Phoenix Controls Corporation), in a sum in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

MARY KATHERINE GURNSEY, Plaintiff

By:___ */s/ Ronald S. Motil*_____
      Ronald S. Motil, #06185802
      Megan E. Kolosieke, #6325935
      GORI JULIAN & ASSOCIATES, P.C.
      156 North Main Street
      Edwardsville, IL  62025
      rmotil@gorijulianlaw.com
      (618) 659-9833 ext. 4474
      (618) 659-9834 Fax
      Attorneys for Plaintiff

# Exhibit

# B

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

MARY KATHERINE GURNSEY, )
 )
 Plaintiff, )
 ) Case No.
v. )
 )
PHOENIX CONTROLS CORPORATION, )
(now known as Honeywell International, )
Inc.), a corporation, and HONEYWELL )
INTERNATIONAL, INC. (successor in )
interest to Phoenix Controls Corporation), )
a corporation, )
 )
 Defendants. )

### DECLARATION OF SUSAN GINIGER

I, Susan Giniger, being duly sworn, deposes and states as follow:

1. I have been employed by Honeywell International Inc., successor in interest to Phoenix Controls Corporation, for the past 20 years. My current position is Corporate Litigation and Legal Operations Paralegal.

2. I am fully familiar with the following facts based on my personal knowledge and my knowledge of Honeywell International Inc.'s books and records maintained in the regular and ordinary course of its business.

3. I submit this declaration in support of Honeywell International Inc.'s removal to federal court.

4. Phoenix Controls Corporation was a Massachusetts corporation that merged into Honeywell International Inc. on December 31, 2009.

5. Honeywell International Inc. is a Delaware corporation with its principal place of business currently in Morris Plains, New Jersey.

1


EXHIBIT
B

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2019."

_Susan Giniger_
SUSAN GINIGER